**CLD-050**                                                              **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 17-2477
_____

ANDREW GROSS, III,

Appellant

v.

WARDEN, USP CANAAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:16-cv-02289)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2017

Before: CHAGARES, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed December 20, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

PER CURIAM

Andrew Gross, III, a federal prisoner proceeding pro se, appeals from the order of the United States District Court for the Middle District of Pennsylvania denying in part and dismissing in part his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition sought relief from sanctions imposed in prison disciplinary proceedings. We will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

While Gross was incarcerated at United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), he was disciplined for an incident that occurred on May 12, 2009. Pursuant to an administrative remedy filed by Gross, the Regional Director granted partial relief and remanded the incident report back to the institution for re-investigation.

In a separate incident, on September 30, 2014, a prison staff member searched Gross' locker and found, inter alia, a copy of Gross' judgement and commitment order. The documents had been altered to omit two charges, which created the appearance that Gross' sentence should be reduced. The staff member also found a fraudulent letter from the United States District Court for the Eastern District of Michigan claiming the altered documents were amended documents. As a result, Gross was charged with attempted escape, use of the mail for an illegal purpose, and possessing anything unauthorized. After a hearing, the Discipline Hearing Officer ("DHO") found Gross committed the

---

constitute binding precedent.

2

charged acts and, for the charge of attempted escape, the DHO sanctioned Gross with the loss of 55 days of good conduct time, 90 days of disciplinary segregation, and 180 days of email and phone restriction. Gross filed an administrative remedy requesting an expungement of the three charges. The Regional Director expunged the charges of use of the mail for an illegal purpose and possessing anything unauthorized. However, the Regional Director upheld the charge of attempted escape and the sanctions related to the charge remained valid.

Gross filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania. Gross argued that his due process rights were violated during the disciplinary proceedings regarding the second incident, that the institution failed to restore 54 days of good conduct time after his appeal regarding the first incident was partially granted, and that his custody classification score was incorrectly elevated. Gross sought restoration of his good conduct time, transfer to a lower security facility, and removal from the two-hour watch high accountability program. The District Court denied Gross' attempt to supplement his petition with a challenge to an unrelated disciplinary proceeding. After the matter was fully briefed, the District Court denied his petition for habeas corpus. Gross timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of habeas relief de novo and its factual findings for clear error. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).

3

Gross' procedural due process challenge to the disciplinary hearing concerning the 2014 incident was properly brought under § 2241 because it entailed the loss of good time credits.  See Edwards v. Balisok, 520 U.S. 641, 643-44 (1997); Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008).  A disciplinary hearing that may result in the loss of good time credit must provide certain due process safeguards to a prisoner, including:  (1) at least 24-hour advance notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; and (3) a written decision explaining the evidence relied upon and the reasons for the disciplinary action.  Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).  The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citations omitted).  This standard is minimal and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Id. at 455.  Rather, the relevant inquiry "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id. at 455-56.

Gross argued that the Warden violated 28 C.F.R. § 541.5(a) by failing to provide him with the incident report within 24 hours of the incident.  The incident occurred on September 30, 2014, and the incident report was completed and provided to Gross on

4

December 9, 2014.  The DHO explained that the delay in the preparation and delivery of the incident report was attributable to the report being "rewritten in order to ensure the incident was properly documented in Section 11."  Although Gross complained about his delayed receipt of the incident report, the DHO concluded that Gross failed to "provide any evidence that this delay hindered his ability to provide a defense."

28 C.F.R. § 541.5(a) states that a prisoner will "ordinarily receive the incident report within 24 hours of staff becoming aware of [the prisoner's] involvement in the incident."  This regulation does not mandate when an incident report is to be provided to an inmate, but provides a general policy.  Prison officials are provided wide discretion to adopt and execute policies needed to maintain internal order.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

Wolff only requires that an inmate receive written notice of the charges at least 24 hours before a hearing.  Wolff does not require the issuance of an incident report within 24 hours of the incident, and due process is not violated absent a showing of prejudice.  See Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) (holding, in the immigration context, that "there would be no due process violation in the absence of prejudice").  Gross was provided notice more than two weeks prior to the hearing.  The DHO's explanation for the delay in providing the report to Gross was reasonable and Gross has not shown he was prejudiced because he did not receive the incident report closer in time

5

to when the incident occurred.[1]  Accordingly, the District Court properly denied Gross'

claim.

Gross also challenged the sufficiency of the evidence presented at the hearing.

Gross was found to have violated Code 102 which prohibits escape from an escort,

institution, or community program or activity.  28 C.F.R. § 541.3 (Table).  Under that

regulation, "[a]iding, attempting, abetting, or making plans to commit any of the

prohibited acts is treated the same as committing the act itself."  28 C.F.R. § 541.3(a).  As

the District Court explained, the DHO relied on the altered court documents found in

Gross' cell and the reporting officer's incident report, which detailed correspondence

with an employee of the Designation and Sentence Computation Center who had received

correspondence from Gross regarding a change in his release date.  At the hearing, Gross

only denied sending the documents but he did not deny altering the documents.  This

evidence demonstrated that Gross altered court documents to manipulate his release date,

attempting to fraudulently obtain early release.  We agree with the District Court that the

DHO's findings are supported by "some evidence."

---

[1] Gross has not shown that the regulation itself created a liberty or property interest such
that its violation, had one occurred here, offended his due process rights.  See, e.g.,
Sandin v. Conner, 515 U.S. 472, 487 (1995) (holding that a prison regulation did not
afford the defendant a protected liberty interest that would entitle him to the procedural
protections set forth in Wolff); Layton v. Beyer, 953 F.2d 839, 845-51 (3d Cir. 1992)
(discussing the creation of a liberty interest and whether the violation of a timing
regulation violates due process).

In his traverse, Gross claimed that his rights were violated because he was not permitted to attend a rehearing conducted on March 24, 2015. Assuming this claim was properly presented to the District Court, it is meritless. There is no evidence that supports the conclusion that any rehearing occurred. Instead, it appears that the Regional Director amended the DHO's findings without remand and that the Central Office denied Gross' administrative remedy challenging the Regional Director's decision.

Next, Gross claimed that 54 days of good conduct time should be restored after the partial grant of the administrative remedy related incident report number 1868010 for an incident that occurred on May 12, 2009 at USP Terre Haute. The District Court properly dismissed this claim for failure to exhaust. With regard to incident report number 1868010, Gross filed an administrative remedy at the United States Penitentiary in Inez, Kentucky ("USP Big Sandy"), which was denied by the Warden at USP Big Sandy. Gross then filed an appeal with the Mid-Atlantic Regional Office. The Regional Director partially granted the appeal and remanded the incident report back to the institution for re-investigation. After re-investigation, Gross twice filed administrative remedies to the Central Office, both of which were denied as illegible. Gross was provided an opportunity to re-submit his remedy, but he failed to do so. Instead, Gross then filed an administrative remedy to the Regional Director, which was denied. Gross did not appeal that denial.

7

Federal prisoners are ordinarily required to exhaust administrative remedies before filing a § 2241 petition.  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is favored because:

> (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise; (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam) (citation omitted). The administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served.  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005).  We have also held that procedural default in the § 2241 context can be overcome if a petitioner establishes cause and prejudice.  Moscato, 98 F.3d at 762.

Gross admitted that he failed to exhaust his administrative remedies, but asserted exhaustion should be excused on the basis of futility.  Gross argued that he mailed his appeal to the Regional Office, but that the Warden at SCI Big Sandy interfered with the appeal.  He asserted that the Warden should not have denied the appeal because it was directed to the Regional Office.  Gross did not submit this appeal or its denial; however, the defendant admitted that the Warden accepted and denied the appeal, and that it was "unclear why" the institution did so.  See Response, Gross v. Warden USP Canaan, No. 1:16-cv-02289 (M.D. Pa. Jan. 12, 2017), ECF. No. 10 at n.3.  We need not determine

8

whether the Warden interfered with Gross' appeal, and whether such interference would constitute cause to excuse a failure to exhaust, because Gross cannot show prejudice.

Gross failed to exhaust his administrative remedies based on his failure to complete an appeal to the Central Office. See 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal."). Gross does not argue, nor is there any evidence, that the Warden's denial of his appeal on May 14, 2010, affected Gross' ability to present a legible administrative remedy to the Central Office. Accordingly, the District Court did not err in concluding that Gross failed to exhaust his administrative remedies and that this omission cannot be excused.

Finally, we agree with the District Court that Gross' remaining claim regarding his custody classification is not cognizable in a habeas petition. Section 2241 confers habeas jurisdiction for claims that challenge the execution of a prisoner's sentence. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). In determining whether jurisdiction lies in habeas, we look to whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010). Gross challenged his custody classification and its resulting consequences to his accountability program and facility. He has not alleged that his custody classification is in any way inconsistent with his sentencing judgment. See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Instead, his claim clearly

9

challenges a condition of confinement which is appropriately brought in a <u>Bivens</u>[2] action. See <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002).

For the foregoing reasons, we will summarily affirm the judgment of the District Court.

---

[2] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).